UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GARFIELD KEANE

    Plaintiff,

v.

HILTON ROSE HALL RESORT & SPA,
HILTON RESORTS CORPORATION,
PLAYA HOTELS & RESORTS N.V.
PLAYA MANAGEMENT USA, LLC,
RESORT ROOM SALES, LLC, and
PLAYA RESORTS MANAGEMENT, LLC

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, GARFIELD KEANE, by and through undersigned counsel, files this Complaint and sues the Defendants, HILTON ROSE HALL RESORT & SPA, (hereinafter referred to as "ROSE") and HILTON RESORTS CORPORATION (hereinafter referred to as "HILTON"), PLAYA HOTELS & RESORTS N.V. (hereinafter referred to as "RESORTS NV"), PLAYA MANAGEMENT USA, LLC (hereinafter referred to as "MANAGEMENT"), RESORT ROOM SALES, LLC (hereinafter referred to as "ROOM SALES"), and PLAYA RESORTS MANAGEMENT, LLC (hereinafter referred to as "RESORTS LLC")and for good cause alleges as follows:

**JURISDICTION & PARTIES**

1. This is a 28 USC §1332(a) diversity cause of action for an amount in controversy and damages, which exceeds seventy-five thousand dollars ($75,000.00), stemming from a

      personal injury at the HILTON ROSE HALL RESORT & SPA in Jamaica, and complete diversity exists between plaintiff and defendants.

2. At all times material, the Plaintiff, GARFIELD KEANE, was and is a U.S. citizen and citizen of Pennsylvania and is in all respects *sui juris*.

3. No defendant is a citizen of or incorporated in Pennsylvania, nor does any Defendant have its principal place of business or main office in Pennsylvania, nor do any of the Defendants that are limited liability companies have any member that is a citizen of the State of Pennsylvania or have their principal place of business in Pennsylvania, as more fully alleged hereinafter.

4. The following is an overview of the entities involved in the ownership, management and operation of the HILTON ROSE HALL RESORT & SPA (the "Resort"), and maintaining it to the standards of Hilton standards:

   a. The Playa Defendants:

      i. Playa Management USA, LLC is a Delaware limited liability company registered to do business in Florida. Its principal place of business is located in Florida at 1560 Sawgrass Corporate Parkway, Suite 310, Fort Lauderdale, FL 33323. Playa Management USA, LLC is a subsidiary of, and an operational management component in the USA of defendant Playa Hotels & Resorts N.V. Playa Management USA, LLC is owned by defendant Resort Room Sales, LLC., who is its sole member, and who is not a Pennsylvania company, nor do it or its members have their primary place of business there or are citizens there. Playa Management USA, LLC provides overall supervision and control of the management and operation of the Resort, as

admitted in its Answer and Affirmative Defense [D.E. 13, ¶21] <u>In the Matter of S.D. v. Playa Hotels and Resorts, B.V., Playa Resorts Management, Hyatt Hotels Corporation, Hyatt Franchising Latin America, LLC, Playa Management USA, LLC, and Playa Hall Jamaican Resort Limited</u>, Civil Action No. 1:17-CV-05076-JBW-RLM, United States District Court for the Eastern District of New York.

ii. Resort Room Sales, LLC, is a Delaware limited liability company, with its principal place of business in Delaware or Fairfax, Virginia, but at any rate, not in Pennsylvania. Resort Room Sales, LLC is a subsidiary of and an operational management component in the USA of Playa Hotels & Resorts N.V. Resort Room Sales, LLC is 100 percent owned by Playa Resorts Management, LLC. None of this defendant's members is a citizen of the State of Pennsylvania or has its or their citizenship or principal place of business in Pennsylvania.

iii. Playa Resorts Management, LLC is a Delaware limited liability company authorized to do business in Florida, with its principal place of business in Fairfax, Virginia. Playa Resorts Management, LLC is the sole member of Resort Room Sales, LLC. Playa Resorts Management, LLC is a subsidiary of, and an operational management component in the USA of Playa Hotels & Resorts N.V. Playa Resorts Management, LLC is 100 percent owned by Playa H&R Holdings B.V., a foreign corporation, which is 100% owned by Playa Hotels and Resorts N.V. None of this defendant's members is a citizen of the

       State of Pennsylvania or has its or their citizenship or principal place of business in Pennsylvania.

   iv. Playa Hotels & Resorts N.V. is a foreign corporation that owns and manages the Resort, along with the other defendants. Playa Hotels & Resorts N.V.'s corporate office and principal place of business is in Amsterdam, Netherlands. Playa Hotels & Resorts N.V. is the corporation that succeeded Playa Hotels & Resorts B.V., which was the corporation in place at the time of plaintiff's injury. Its Chief Operating Officer and Chief Marketing Officer work through the aforementioned Playa Management USA, Fort Lauderdale offices at Sawgrass Corporate Parkway. Its principal place of business in the USA is not Pennsylvania. Playa Hotels & Resorts N.V. (or its precursor B.V.) signed the franchisee agreement for the Playa Defendants with defendant HILTON RESORTS CORPORATION, which is identified in the next lettered subsection below.

   v. The Playa Defendants have interrelated management, officers, directors and ownership with each other.

   vi. The Playa Defendants share in the profits and losses of the Resort.

b. The Hilton Defendants:

   i. Hilton Rose Hall Resort & Spa, was and continue to be a foreign corporation as defined by 28. U.S.C.A. §1332(c)(1) and shall be deemed a citizen of every State and foreign state by which it has been incorporated.

  ii. Hilton Rose Hall Resort & Spa is a corporation under the law of the Country of Jamaica and having a principal place of business at Rose Hall Road, Montego Bay, Jamaica.

  iii. Hilton Resorts Corporation is a duly licensed foreign corporation, authorized to transact business within the State of Florida, with its principal place of business at 6355 Metrowest Blvd. Ste. 180, Orlando, Florida.

  iv. The Hilton Defendants have interrelated management, officers, directors and ownership with each other.

  v. The Hilton Defendants share in the profits and losses of the Resort.

5. At all times material, the Defendant, ROSE, is a Delaware corporation with its principal place of business in Miami, Florida.

6. Defendants make up large and diverse hotel company operation, and among other things, partner or have a joint venture or common operation to manage and operate the Resort. The Playa Defendants and the Hilton Defendants have what they describe as a strategic relationship with each other that provides the Playa Defendants with a range of benefits, including the right to operate the Resort in Jamaica under the Hilton All-Inclusive Resort Brands, and the Playa Defendants and Hilton Defendants have representation on each other's boards for their various interrelated businesses.

7. At all times material hereto, the Defendants were operating within and/or actively and regularly marketing and soliciting business in this district, as well as throughout the world. Jurisdiction is proper in this district because the Defendants are engaged in substantial and not isolated activity within this state, and they are conducting, engaging in, or carrying on business ventures in this state, as well as solicitation of business within this state,

specifically by way of maintaining sales teams and marketing teams here, regularly physically appearing in this jurisdiction to solicit business, otherwise advertising here, accepting reservations directly from this jurisdiction, as well as accepting reservations from this jurisdiction through their interactive and interrelated web sites, allowing Florida travel web sites to post links to their web sites and accepting funds from this jurisdiction and making purchases from this jurisdiction for the operations of the Resort.

8. Specifically, with regard to the defendants, upon information and belief:

   a. Defendants' officers, directors and management personnel meet and conduct business, not on an isolated basis but regularly in this jurisdiction.

   b. At all times, Defendants further subjected themselves to jurisdiction in Florida through their websites from which they mutually benefit, which target residents in Florida. All Defendants benefit from the U.S. websites, and no Defendant disclaims its operation in and from Florida. Residents of Florida and Pennsylvania are able to use their interactive website to book vacations at the Resort, request and receive price quotes mailed to their home address or email address, and to enter their zip code into the website to obtain a list of travel agents in Florida and Pennsylvania, who sell the defendants' products, including booking for the Resort.

   c. At all times material to this Complaint, Defendants purposely availed themselves of the privilege of doing business in the State of Florida and by virtue of its substantial and systematic business contacts within the State of Florida subjecting themselves to this Court's jurisdiction, by, among other things, buying product for the Resort and shipping out of the Port of Miami and Port Everglades.

    d. At all times material hereto, defendants regularly solicited business in the State of Florida for travel to their resort facilities, including the Resort.

    e. At all times relevant hereto, Defendants sold prepaid, all-inclusive vacation packages through one of more of the named Defendants, the economic activity from which resulted in income generated in the United States, a portion of which remains in the United States, and inured to the benefit of the named defendants, with the remaining portion of such income transferred or credited to certain financial institutions outside of the United States for the benefit of the defendants and the operation of the Resort.

    f. The Defendants have availed themselves to, invoked and subjected themselves to the jurisdiction of Courts within this jurisdiction and others in the United States by filing lawsuits as plaintiff, as well as filing for the federal trademark protection of the United States.

    g. All Defendants, either directly or through active or apparent agents or alter egos, and as joint adventurers at the time of the injury at the Resort: (a) operated, conducted, engaged in, or carried on a business or business ventures in the State of Florida, and/or had or have offices or agencies in the State; and (b) at all relevant times engaged in substantial and not-isolated activity within the state so as to make them amenable to suit pursuant §48.193(1)(a), F.S., and/or §48.193(2) F.S., and further amenable to service of process.

9. Venue is proper in this court pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which took effect on January 6, 2012, and 28 USC 1391(b)(3) directs that venue for both diversity and federal question matters shall fall back to a judicial district "in which any defendant is subject to the court's personal jurisdiction with respect

to such action," meaning that where there is jurisdiction over a foreign party, whether a natural person or a corporation, there also is venue.

10. At all times material to this Complaint, the Resort's personnel were agents, officers, managers, servants, borrowed servants, workers and/or employees of Defendants and were acting within the course and scope of their authorized official capacity and/or within the course and scope of their capacity as agents or servants of the Defendants.

11. No Release/Waiver/Agreement to Jurisdiction: Mr. Keane did not sign any agreement or registration form. No one ever communicated to him, at any time, that there was any release/waiver clause or a jurisdiction clause included in the hotel arrangements or registration form(s). Moreover, the Resort did not communicate any warning to Plaintiff in any form of communication at any time that any agreement or registration form had him giving up any rights, releasing anyone or agreeing to jurisdiction.

## INCIDENT

12. On or about October 24, 2020, Plaintiff was a paying guest at Defendants' resort.

13. Plaintiff was in the lobby of the resort walking towards the front desk where he sought assistance from the front desk attendant for purposes of booking a dinner reservation.

14. On or about October 24, 2020, while Plaintiff was walking in the lobby, he suddenly slipped and fell on an unreasonable wet, slippery, and/or hazardous flooring surface.

15. Various Resort employees approached the Plaintiff while he lay on the ground in pain. The manager then advised that there was water on the floor from condensation buildup around the air conditioning vent above head, and that this was an ongoing problem.

16. The wet and unreasonably slick, slippery and/or hazardous nature of the flooring surface was not open and obvious and the Plaintiff had no way of knowing the existence of the hazardous condition.

17. There was also no warnings signs or otherwise that the floor was wet and slippery.

18. As a result of the hazardous condition described above, Plaintiff sustained severe permanent injuries to his spine and hand, not limited to a thoracic chip fracture and a laceration of his hand.

## COUNT I – NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as if they were fully set forth herein.

19. At all material times, DEFENDANTS owned, controlled, and/or managed the subject property where Plaintiff slipped and fell.

20. DEFENDANTS knew or at the very least should have known about the condition that caused Plaintiff to fall because the issue was previously known by hotel employees and because the level of condensation on the vent was indicative of a problem. And it was within the foreseeable zone of risk that guests and business invitees could fall.

21. At all material times, DEFENDANTS were under a duty – including one that was non-delegable – to maintain its premises in a reasonably safe condition.

22. DEFENDANTS owed this duty to the Plaintiff.

23. DEFENDANTS breached its duty owed to the Plaintiff on October 24, 2020, by, *inter alia*, committing one or more of the following acts and omissions:

    a. Failing to inspect the subject area after having received notice of a known leak.

    b. Failing to take remedial measures after having received notice of a defect which could cause foreseeable harm to those within the surrounding area.

    c. Failing to properly maintain and oversee the subject flooring surface, for any defects.

    d. Failing to maintain the premises in a reasonably safe condition.

    e. Failing to properly inspect the subject flooring surface to keep it reasonably safe for guests and/or invitees.

    f. Creating and maintaining an unreasonably dangerous flooring surface.

    g. Failing to maintain the air conditioning vent to prevent a buildup of condensation that resulted in leaking water on to the floor.

    h. Failing to warn guests such as Plaintiff that the subject flooring surface contained liquid that was not readily apparent to the average person walking through the vicinity.

    i. Failing to warn Plaintiff that neither Defendants, nor agents acting on behalf of same, had taken remedial measures after having received notice of the dangerous condition.

    j. Failing to maintain a dry flooring surface so that unsuspecting patrons, like the Plaintiff, would avoid a slip and fall as a result of a hidden danger (ie: a puddle of liquid created by an A/c vent leak).

24. As a result of DEFENDANTS' negligence, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care and treatment, and loss of wages in the past and ability to earn income into the future. The losses are either permanent or continuing and Plaintiff will suffer the losses into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands trial by jury.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable on all counts.

            Respectfully submitted,

            LIPCON, MARGULIES
            & WINKLEMAN, P.A.
            One Biscayne Tower, Suite 1776
            2 South Biscayne Boulevard
            Miami, Florida 33131
            Telephone: (305) 373-3016
            Facsimile: (305) 373-6204

By: */s/ Andrew Freedman*
            **MICHAEL A. WINKLEMAN**
            Florida Bar No. 36719
            mwinkleman@lipcon.com
            **ANDREW S. FREEDMAN**
            Florida Bar No. 091087
            afreedman@lipcon.com
            **DANIEL W. GRAMMES**
            Florida Bar No. 1010507
            dgrammes@licon.com