UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21601-BLOOM/Otazo-Reyes

GARFIELD KEANE,

    Plaintiff,

v.

HILTON ROSE HALL RESORT & SPA,
HILTON RESORTS CORPORATION,
PLAYA HOTELS & RESORTS N.V.,
PLAYA MANAGEMENT USA, LLC,
RESORT ROOM SALES, LLC, and
PLAYA RESORTS MANAGEMENT, LLC,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Garfield Keane's ("Plaintiff" or "Keane") Motion for Reconsideration of the Court's Order [D.E. 35] on Defendant's Motion to Stay [D.E. 30] and Plaintiff's Motion to Conduct Jurisdictional Discovery [D.E. 33], ECF No. [36] ("Motion for Reconsideration"). Defendants Hilton Rose Hall Resort & Spa, Hilton Resorts Corporation, Playa Hotels & Resorts N.V., Playa Management USA, LLC, Resort Room Sales, LLC, and Playa Management, LLC (collectively, "Defendants") filed a Response in Opposition to the Motion for Reconsideration, ECF No. [41], to which Plaintiff filed a Reply, ECF No. [42]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion for Reconsideration is granted in part and denied in part consistent with this Order.

I.  **BACKGROUND**

Plaintiff initiated this personal injury action against Defendants on May 24, 2022, ECF No. [1] ("Complaint"). The Complaint asserts one count of negligence against Defendants. *Id.* ¶¶ 19-24.

Defendants filed a Motion to Dismiss, ECF No. [11], and a Motion to Stay, ECF No. [30]. Plaintiff filed a Response in Opposition to the Motion to Dismiss and the Motion to Stay, ECF No. [34]. Plaintiff also filed a Motion for Leave to Conduct Limited Discovery for 120 Days and to Stay Briefing on Defendants' Motion to Dismiss [D.E. 11] Pending Limited Discovery and to Establish Briefing Schedule, ECF No. [33] ("Motion for Jurisdictional Discovery").

The Court granted in part and denied in part the Motion for Jurisdictional Discovery and granted the Motion to Stay, ECF No. [35] ("Order"). The Court permitted Plaintiff to conduct limited discovery pertaining to specific jurisdiction only in furtherance of whether the cause of action arose from or meaningfully relates to Hilton Rose Hall Resort & Spa, Playa Hotels & Resorts N.V., and Playa Resorts Management, LLC's alleged business activities in Florida. *See id.* at 2. The Court specified that Plaintiff may only inquire about the time period of three (3) years prior to the incident, that Plaintiff may depose declarants in relation to specific jurisdictional discovery, and that Plaintiff's jurisdictional discovery must be completed by no later than November 17, 2022. *See id.*

Plaintiff now seeks reconsideration of the Court's Order, ECF No. [36]. Plaintiff argues Plaintiff should be entitled to additional discovery regarding general personal jurisdiction and *forum non conveniens*. *See id.* Defendants respond that additional discovery into general personal jurisdiction and *forum non conveniens* would not reveal additional information for Plaintiff to supplement his Complaint in good faith. *See* ECF No. [41]. Hilton Rose Hall Resort & Spa, Playa

Hotels & Resorts N.V., and Playa Resorts Management, LLC's principal places of business and places of incorporation are not in Florida; thus, Plaintiff cannot plead general jurisdiction for those Defendants. *See id.* at 2. With respect to *forum non conveniens*, Defendants argue that Plaintiff does not need additional discovery. Plaintiff readily knows that the evidence and witnesses are overwhelmingly located in Jamaica since this case concerns a slip-and-fall caused by liquid stemming from a Jamaican hotel's air conditioning in Jamaica. *See id.* at 3.

## II.  LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D.

Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request").

### III. DISCUSSION

#### a. General Jurisdiction

Plaintiff argues that he is entitled to discovery regarding general personal jurisdiction and the Court's prior Order results in injustice by precluding Plaintiff from conducting general personal jurisdictional discovery. *See* ECF No. [36] at 3-4. Defendants respond that the Court should not permit general jurisdictional discovery because such discovery would not reveal information that would allow Plaintiff to supplement his Complaint in good faith. *See* ECF No. [41] at 2 (citing *e.g.*, *Nygård v. DiPaolo*, 753 F. App'x 716, 721-22 (11th Cir. 2018) (requests for jurisdictional discovery "'should not serve as fishing expeditions,' and are therefore only appropriate when a party demonstrates that it can supplement its allegations through discovery")). Defendants emphasize that the principal places of business and places of incorporation for the relevant entity Defendants are not in Florida. *See id.* Plaintiff replies that many of Defendants' upper-level

4

management identify as employees working in Florida, which suggest that Defendants have continuous and systematic contact in Florida as to render them "at home" in Florida. ECF No. [42] at 2-3.

Upon review, the Court is persuaded by Plaintiff's argument. In general, courts have general jurisdiction when the defendant is "at home" in the forum state such that the defendant may be sued at the forum state for any claim arising anywhere in the world. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014). For the Court to have general jurisdiction, the defendant's affiliations with the forum state must be so continuous and systemic as to render it essentially "at home" in the forum state. *Id.* at 128. While a corporate defendant will satisfy this standard if it is incorporated or has its principal place of business in the forum state, such factors are not the sole bases for general jurisdiction. *Id.* at 137-39 (describing place of incorporation and principal place of business as the "paradigm" bases for general jurisdiction but holding that the central inquiry is whether the corporation's affiliations with the forum state are so continuous and systematic as to render the corporation essentially at home in the forum state.).

Plaintiff has provided information indicating that the relevant Defendants' upper-level management identify as employees working in Florida, which suggests that those Defendants may have continuous and systematic contact in Florida as to render them "at home" in Florida. *See* ECF No. [42] at 2-3. As such, Plaintiff may be able to supplement his allegations of general jurisdiction in good faith after conducting discovery on the matter. Further, as Plaintiff correctly points out, once jurisdictional facts are in dispute, the Court "does not have discretion to grant or deny" the request for jurisdictional discovery. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982). Therefore, Plaintiff is entitled to conduct general jurisdictional discovery.

To the extent that Defendants rely on *Carlson v. Lewmar, Inc.,* No. 1:21-cv-23893-COOKE/DAMIAN (SD. Fla. July 2022) (Altonaga, J.) ECF No. [35], and *D-I Davit International-Hische GMBH v. Carpio*, 2022 Fla. App. LEXIS 5601 *4-5 (Fla. 3d DCA Aug. 17, 2022), the Court is not persuaded. First, the court in *Carlson* did not explain its reasoning in its relatively short order. *Carlson,* No. 1:21-cv-23893-COOKE/DAMIAN, ECF No. [35]. The hearing transcript, provided by Defendants as an exhibit to their Response, also does not illuminate the court's reasoning for restricting jurisdictional discovery to specific jurisdiction alone. *See* ECF No. [41-2] at 35. Second, in *D-I Davit*, the court held that there were insufficient allegations to establish general jurisdiction over a non-resident defendant. The case has no bearing on jurisdictional discovery and does not meaningfully advance Defendants' argument.

As such, the Court grants Plaintiff's request on this matter.

### b. *Forum Non Conveniens*

Plaintiff next argues that he is entitled to discovery regarding *forum non conveniens*. *See* ECF No. [36] at 3. Defendants respond that it is unclear why Plaintiff would need any additional discovery on this matter. *See* ECF No. [41] at 3. Defendants assert that this case is being brought by a Pennsylvania Plaintiff who allegedly slipped-and-fell on liquid stemming from a Jamaican hotel's air conditioning in Jamaica and the evidence and witnesses are not located in Florida. *See id.* Defendants also argue that because Plaintiff is already permitted to take limited jurisdictional discovery, exhausting the specific jurisdiction inquiry will inform Plaintiff whether there are any pertinent witnesses or evidence in Florida that relate to this case. *See id.* at 3, 9. Plaintiff fails to meaningfully reply to Defendants' arguments on the matter. *See* ECF No. [42].

Upon review, the Court agrees with Defendants. The Eleventh Circuit held in *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 886-87 (11th Cir. 2018),

that discovery is generally not necessary when addressing *forum non conveniens*. In this case, it is unclear whether additional discovery into *forum non conveniens* would yield any relevant information. The scope of discovery already permitted will provide the necessary information to argue against the *forum non conveniens* challenge, if necessary. This is consistent with *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981), where the Supreme Court held that "[r]equiring extensive investigation would defeat the purpose of [a *forum non conveniens*] motion." *See also Vesuna v. CSCS Int'l N.V.*, 405 F. App'x. 371, 373 (11th Cir. 2010) (holding that the plaintiff had no right to discovery on *forum non conveniens*, prior to dismissal on *forum non conveniens* grounds).

The Court, therefore, denies Plaintiff's request to conduct additional discovery on *forum non conveniens*.

### c. Motion to Stay

The parties do not meaningfully dispute the Court's Order staying the case. To the extent that it must, the Court exercises its inherent power to manage the case docket in an efficient manner and maintains the stay of deadlines in the Court's Scheduling Order as outlined in its prior Order. *See* ECF No. [35].

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration, **ECF No. [36]**, is **GRANTED IN PART AND DENIED IN PART**.
2. The Court's prior Order, **ECF No. [35]**, is **AMENDED** to permit Plaintiff to conduct general jurisdictional discovery, in addition to specific jurisdictional discovery, in the manner prescribed in the Court's prior Order.

Case No. 22-cv-21601-BLOOM/Otazo-Reyes

3. Plaintiff's Motion for Reconsideration is denied in all other respects.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record